IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CLIFFORD D. OLD-HORN,  Plaintiff, vs. STATE OF MONTANA, DETECTIVE MIKE SARGEANT, DETECTIVE JAY DOYLE, and COUNTY ATTORNEY MITCH YOUNG, Defendants. | CV 16-00099-M-DLC-JCL ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Clifford Old-Horn has filed a Motion to Proceed in Forma Pauperis and submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 1.) The request to proceed in forma pauperis will be granted.

Because he is incarcerated, Old-Horn must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Old-Horn submitted an account statement showing an inability to pay that fee; therefore, the initial partial filing fee is waived, and he may proceed with the case. *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)"). Old-Horn will be required to pay the fee in

1

installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Old-Horn must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.* By separate order, the Court will direct the facility where Old-Horn is held to forward payments from Old-Horn's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Pursuant to the federal statutes governing proceedings in forma pauperis and cases filed by prisoners, federal courts must engage in a preliminary screening of a case to assess the merits of the claims. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a). Accordingly, the Court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A.

The Court has considered whether the Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether

Old-Horn has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. § 1997e(g)(2) (while defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face of the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," defendants are required to respond). Old-Horn alleges Defendants violated his constitutional rights by coercing his confession to certain criminal acts. These allegations are sufficient to state a claim under the Fifth and Fourteenth Amendments of the United States Constitution. *See Chavez v. Martinez*, 538 U.S. 760 (2003); *Jackson v. Barnes*, 749 F.3d 755 (9th Cir. 2014); *Hall v. City of Los Angeles*, 697 F.3d 1059 (9th Cir. 2012); *Crowe v. County of San Diego*, 608 F.3d 406 (9th Cir. 2010); *Stoot v. City of Everett*, 582 F.3d 910, 925–26 (9th Cir. 2009). Defendants Doyle, Sargeant, and Young will be required to file a responsive pleading.

The State of Montana, however, should be dismissed from this action. The Eleventh Amendment bars suit in federal court against a state absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997);

3

*Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq. In addition, States, state agencies, and state officials sued officially are not "persons" subject to suit for money damages under section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989).

Based upon the foregoing, the Court issues the following:

## ORDER

1. Old-Horn's Motion to Proceed in Forma Pauperis (Doc. 1) is **GRANTED**.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 2). The Complaint is deemed filed August 8, 2016.

3. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Doyle, Sargeant, and Young to waive service of summons of Old-Horn's Complaint by executing, or having counsel execute, the Waiver of Service of Summons.[1] The Waiver must be returned to the Court within **thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing.** If

---

[1] Defendants recommended for dismissal are not required to file a responsive pleading at this time.

Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within **60 days of the entry date of this Order as reflected on the Notice of Electronic Filing**, pursuant to Fed. R. Civ. P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2).

4. The Clerk of Court shall forward the documents listed below to Defendants:

* Complaint (Doc. 2);
* this Order,
* a Notice of Lawsuit & Request to Waive Service of Summons; and
* a Waiver of Service of Summons

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

5. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

6. Pursuant to Fed.R.Civ.P. 5(d)(1), all documents presented for the Court's

consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

7. Old-Horn shall not make any motion for default until at least seventy (70) days after the date of this Order.

8. Pursuant to Local Rule 26.1(d), no party may begin discovery until a Scheduling Order has been issued.

9. At all times during the pendency of this action, Old-Horn shall immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

The State of Montana should be **DISMISSED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Old-Horn may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 30th day of August, 2016.

Jeremiah C. Lynch
United States Magistrate Judge

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.